David **JACKSON,** Jr., Plaintiff,

v.

**HAMILTON COUNTY COMMISSIONERS, et al., Defendants.**

No. C–1–99–505.

United States District Court, S.D. Ohio, Western Division.

Nov. 29, 1999.

Alan Lawrence Sirkin, Konrad Kircher, Cincinnati, OH, for David Jackson, Jr, Plaintiff.

Karl Paul Kadon, III, John Joseph Arnold, Hamilton County Proscuting Attorney, C. Joseph McCullough, Hamilton County Prosecutor, Stephen Patrick O'Keefe, Terrance A. Nestor, Reminger & Reminger Co LPA, Cincinnati, OH, for Defendants.

### ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendant Hamilton County Commissioners's

Motion to Dismiss (doc. 3); Plaintiff's Response (doc. 4); and Defendant Hamilton County Commissioners's Reply (doc. 7).

## BACKGROUND

Plaintiff David Jackson, Jr., filed this action under Title 42 U.S.C. § 1983 on July 6, 1999 alleging violations of his constitutional due process rights and asserting a state law tort claim in libel against Defendant Hamilton County Commissioners (hereinafter, "Defendant Commissioners") (doc. 1). On October 15, 1999, Plaintiff amended his Complaint[1] to allege an additional state law tort claim in legal malpractice against an additional Defendant, Thomas J. Harris, III (hereinafter, "Defendant Harris") (doc. 8). Defendant Commissioners now moves the Court to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 3). The Court exercises jurisdiction over this matter pursuant to Title 28 U.S.C. § 1331 and 1367.

The following facts are drawn from Plaintiff's Complaint and his Amended Complaint (see docs. 1 & 8). In 1990, Plaintiff was convicted in the Hamilton County, Ohio, Common Pleas Court of the crime of abduction, in violation of Ohio Rev.Code § 2905.02, and Plaintiff was sentenced to a term of five to ten years in prison. On or about June 19, 1997, while Plaintiff was in the midst of serving his sentence, the Hamilton County Common Pleas Court adjudicated Plaintiff a "sexual predator." According to Plaintiff, the "Hamilton County Common Pleas Court was under the mistaken belief, advanced by the Hamilton County [Prosecutor's Office], that Plaintiff had been convicted of a sex offense", as identified in Ohio Rev. Code § 2950.09 (doc. 1). Furthermore, Plaintiff avers that the offense of which he was actually convicted is not a sex offense as identified in Ohio Rev.Code § 2950.09, due to the fact that the victim in the abduction was over eighteen (18) years old at the time of the offense.

During the sexual predator proceedings, Defendant Harris was appointed by the trial court as Plaintiff' legal counsel. In his Amended Complaint, Plaintiff alleges that Defendant Harris breached his legal duty to Plaintiff by: (1) neglecting to consult with Plaintiff prior to the hearing on Plaintiff's sexual predator status; (2) refusing to listen to Plaintiff's comments during the hearing; and (3) failing to notify the court that the offense of abduction, Ohio Rev.Code § 2905.02, is only defined as a sexual offense when the victim is under the age of eighteen (18) years old (doc. 8). Plaintiff contends that the victim in Plaintiff's case was approximately twenty-five (25) years old at the time of the abduction.

Plaintiff was released from his incarceration in January, 1999. Shortly thereafter, the Hamilton County Sheriff's Office sent a "sexual offender notification letter" to childcare centers in the Cincinnati area; the letter allegedly stated that Plaintiff had been found to be a convicted sexual predator. Plaintiff asserts that being labeled a "sexual predator" by the prosecuting attorney and the court may have delayed his release from prison, thus depriving him of his liberty. Furthermore, Plaintiff avers that the sexual offender notification letter was both untrue and defamatory.

Two months after his release, the Hamilton County Court of Common Pleas vacated the judgment adjudicating Plaintiff a sexual predator, and the court specifically held that Plaintiff was not a sexual predator as originally labeled. However, Plaintiff asserts that the court never issued a new order directing the sheriff's office or the prosecutor's office to retract the previously-alleged defamatory publications.

In his Complaint, Plaintiff avers that, as a result of "Hamilton County's false adjudication of Plaintiff as a sexual predator, Plaintiff has been deprived of his liberty

---

1. Plaintiff's Amended Complaint only includes the facts and claims that are related to the alleged malpractice of Defendant Harris. The Complaint only includes the alleged facts and claims that are related to Defendant Commissioners (see docs. 1 & 8).

without due process of law" (doc. 1). Moreover, the Complaint states that it was "Hamilton County's policy or custom of reviewing, recommending and adjudicating sexual predator cases [that] resulted in the aforementioned deprivation of [Plaintiff's] civil rights" (*Id.*). Plaintiff also alleges that "Hamilton County's publication to the public of false and defamatory written materials was libelous and resulted in severe damage to Plaintiff's reputation" (*Id.*).

In his Amended Complaint, Plaintiff states that "Defendant Harris failed to adhere to the standard of care of attorneys at law in his representation of Plaintiff," and this negligence proximately resulted in injury to Plaintiff (doc. 8). Plaintiff seeks to recover from Defendant Commissioners and Defendant Harris compensatory damages in excess of $75,000, reasonable attorney fees, costs, and all other relief to which he may be lawfully entitled.

Defendant Commissioners filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 30, 1999, alleging that Plaintiff's Complaint, and his subsequently Amended Complaint (hereinafter known together as "the Complaint"), fail to state a claim upon which relief can be granted (*see* doc. 3).

Specifically, Defendant Commissioners asserts that well-settled federal case law supports the conclusion that Plaintiff's Complaint alleges no actionable claim to which relief can be granted due to the doctrine of absolute judicial immunity (*Id.*). Plaintiff responded on September 17, 1999, contending that his claims of due process violations and common law libel were brought directly against the Hamilton County Commissioners, and not the judiciary, based upon the policies and customs of the county (doc. 4). Defendant Commissioners filed a Reply memorandum on October 1, 1999 (*doc. 7*) arguing that Plaintiff's Complaint does not present a valid constitutional claim and, therefore, should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "requires the Court to determine whether a cognizable claim has been pleaded in the complaint." *Roberts v. Alan Ritchey, Inc.*, 962 F.Supp. 1028, 1030 (S.D.Ohio 1997). In making this inquiry, the Court must view the motion in a light most favorable to the party opposing it. *See Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983). The Court must accept as true all of the allegations in the well-pleaded complaint under attack. *See Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The Court may then grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

To state a claim under Title 42 U.S.C. § 1983, a complaint must allege that defendant, acting under the color of state law, deprived the plaintiff of a right secured by the U.S. Constitution or by federal law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Lee v. Western Reserve Psychiatric Habilitation Ctr.,* 747 F.2d 1062, 1067 (6th Cir.1984). In the case at bar, Plaintiff contends that Defendant Commissioners acted under the color of state law to deprive him of rights guaranteed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Defendant Commissioners counters that Plaintiff's Complaint fails to allege that anyone acted under the color of law (doc. 3).

In its Motion to Dismiss, Defendant Commissioners argues that the "[C]omplaint in this case contains no basis for recovery as a matter of constitutional law, as it seeks to recover for an action taken by a state judge in a state-statute-based judicial proceeding" (doc. 3). *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (finding that it is a

well-entrenched principle in our system of jurisprudence that judges are absolutely immune from civil suits for money damages). Defendant Commissioners asserts that no liability may attach to the trial court's adjudication of Plaintiff as a sexual predator based on the judicial interpretations of an Ohio statute. In addition, Defendant Commissioners avers that the Hamilton County Commissioners has no control over, nor liability for, the decisions of a common pleas judge, and, thus, it is not liable to Plaintiff for the claims he alleges in his Complaint. *See Ridgeway v. Union County Comm'rs,* 775 F.Supp. 1105, 1110 (S.D.Ohio 1991) (finding that the plaintiff's theory of liability against the Union County Commissioners was erroneously based on the doctrine of *respondeat superior,* and holding that the commissioners were not responsible for the actions of the sheriff's department).

Defendant Commissioners puts forth three other legal theories in its Motion to Dismiss as to why this Court should dismiss Plaintiff's Complaint due to its failure to state a cognizable claim. First, Defendant Commissioners argues that the period of time within which Plaintiff could have filed his federal claim against Defendant Commissioners has elapsed. Defendant Commissioners contends that, since Plaintiff's Complaint was filed on July 6, 1999, and the date of the alleged federal claim was "on or about June 19, 1997" (*see* doc. 1), the statute of limitations has since expired on Plaintiff's § 1983 claim. Second, since the trial court and the sheriff's office were acting pursuant to the specific mandates of state law, Defendant Commissioners are regarded as state actors and, as such, are entitled to the immunity protections of the Eleventh Amendment. Third, Defendant Commissioners submits that, to the extent that Plaintiff's Complaint may have presented a cognizable claim under state law, §§ 2744.02 and 2744.03 of the Ohio Rev.Code also render Defendant Commissioners immune from liability.

In response to Defendant Commissioners's assertions, Plaintiff counters that "Hamilton County, through its Office of Prosecuting Attorney, disregarded the state statute by erroneously submitting Plaintiff as a sexual predator and misleading the [state court judge] as to Plaintiff's qualifications for such [a] label, all as a result of [the] improper policies and customs" of the county (doc. 4). Plaintiff contends that such actions come under the color of law, and he maintains that those actions deprived him of his liberty.

Plaintiff further argues that, in stark contrast to *Ridgeway,* "Plaintiff's claims in this action are brought directly against the County for liability based on the [Defendant Commissioners's] policies and customs [in violation] of 42 U.S.C. § 1983" (*Id.*). *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) ("The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to acts for which the municipality is actually responsible."). Plaintiff alleges that since the Hamilton County Sheriff's Office and Prosecutor's Office were following the official policies and customs of the Hamilton County Commissioners when Plaintiff was labeled a sexual predator, then Defendant (i.e., the municipality) is actually liable for the harm that occurred. Moreover, Plaintiff asserts that, since *Pembaur,* and not *Ridgeway,* is applicable to the facts and circumstances of this case, Defendant Commissioners can be held liable for the "official policy" that the prosecutor's office and sheriff's office were following in June of 1997.

In addition, Plaintiff sets forth several defenses to Defendant Commissioners's alternative theories for the dismissal of this case. First, Plaintiff contends that the Sixth Circuit has long recognized that the statute of limitations does not begin to run in this type of action until a plaintiff knows, or should have known, of the accrual of his own cause of action. *See Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984).

Plaintiff avers that, in this case, the limitations period did not begin to run until March 30, 1999, which is the same date that the trial judge actually vacated the erroneous adjudication. Second, since Plaintiff is suing Hamilton County, a municipality that is also a "person" subject to § 1983 liability, Plaintiff alleges that the county cannot claim Eleventh Amendment immunity. See Evers v. County of Custer, 745 F.2d 1196, 1203 (9th Cir.1984) (declining to find the county immune from liability because it was following state law). Third, Plaintiff avers that Ohio Rev.Code § 2744, et seq., is not applicable to claims under § 1983, and, thus, state governmental immunity would not be applicable. Therefore, according to Plaintiff, statutory immunity could not be asserted by Defendant Commissioners as a means to defend against the action at bar. Plaintiff submits that his Complaint should survive Defendant Commissioners's Motion to Dismiss and that this Court should allow this action to proceed forward.

 Nonetheless, after viewing this action in a light most favorable to Plaintiff and accepting as true the allegations in the Complaint under attack, the Court finds Defendant Commissioners's arguments for dismissal to be persuasive for several reasons.

First, Plaintiff's Complaint seeks to recover for actions taken by a Hamilton County Common Pleas Judge in a judicial proceeding mandated by Ohio Rev.Code § 2950.09 (known as the "sexual predator" labeling law) with the prosecuting attorney and defense counsel in attendance. Both the state and the then-defendant had an opportunity to be heard, and the trial judge made a judicial determination that Plaintiff was a "sexual predator" based on allegedly mistaken information. It appears from the face of the Complaint that Plaintiff received all of the procedural due process to which he was he was entitled to. This was not an ex parte tribunal, but rather an open hearing with sufficient notice given to both sides about the subject matter at hand, and most importantly, Plaintiff was represented by defense counsel (Defendant Harris) during the hearing.

Second, Plaintiff's Complaint fails to show how the Hamilton County Board of Commissioners has control over, or liability for, the decisions of a common pleas judge or the prosecuting attorney who recommends such decisions. Plaintiff's Complaint also fails to state with any degree of sufficiency how or why the Hamilton County Commissioners Office could be held liable to Plaintiff for allegedly violating his civil rights. The same holds true for the alleged libel that occurred thereafter.

Third, Plaintiff states in his Response that it was "Hamilton County's policies and customs in 1997 for screening and reviewing cases to be presented to Hamilton County judges for adjudication as sexual predators" that actually "deprived [P]laintiff of his liberty" (doc. 4). However, Plaintiff's Complaint fails to plead sufficient facts related to how or why those alleged "polices and customs" resulted in Plaintiff's injury, and, more importantly, the Complaint fails to state a sufficient nexus between Defendant Commissioners's actions, or inactions, and the subsequent harm claimed by Plaintiff.

Moreover, Plaintiff states that he "does not dispute that the [j]udge is absolutely immune, which is precisely why Plaintiff did not sue him" (doc. 4). Yet, Plaintiff's Complaint fails to meet the "official policy" requirement as stated in Pembaur that would allow a § 1983 action to proceed against the county based on a direct liability theory for actions taken by the municipality itself. Therefore, this Court finds that the case at bar is more in line with Ridgeway. Plaintiff is attempting to hold Defendant Commissioners liable under a legal theory based on the doctrine of respondeat superior as stated in Ridgeway, and not one based on the actions of Defendant Commissioners.

Fourth, if this Court were to allow Plaintiff's claims and allegations as now pleaded in his Complaint to go forward

against Defendant Commissioners, then it is certainly possible that every future criminal conviction or adjudication that was ever successfully appealed, reversed, or set aside, could later expose the Hamilton County Commissioners to a § 1983 action. Public policy dictates that this result would not serve the best interests of the administration of justice, the litigants involved, and society at large. The Hamilton County Commissioners are not liable for the recommendations of a prosecuting attorney and the possible effects those recommendations may, or may not, have on subsequent judicial decisions. Public policy would certainly disfavor such a result.

■ In summary, this Court simply cannot find that Defendant Commissioners can be held liable for a judicial determination that an individual is a "sexual predator," as defined by Ohio Rev.Code § 2950.01. Neither Party disputes the fact that there were mistakes made in the erroneous labeling of Plaintiff as a "sexual predator." What Plaintiff's Complaint fails to state is what actions, policies, or customs of the Hamilton County Commissioners Office led to Plaintiff being mistakenly labeled, and subsequently libeled. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A common pleas judge is immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. at 11–12, 112 S.Ct. 286. The Complaint concedes that the trial judge has immunity from the claims of this action, however, the Complaint fails to sufficiently and legally state who is liable for the alleged harm to Plaintiff.

Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Consequently, the Court need not address Defendant Commissioners's remaining assertions contained in its Motion to Dismiss. Moreover, having concluded that Plaintiff's § 1983 and state law libel claims must fail in relations to Defendant Commissioners, we hereby DECLINE to exercise supplemental jurisdiction over Plaintiff's remaining malpractice claim against Defendant Harris.

### CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant Commissioners's Motion to Dismiss Plaintiff's Complaint (doc. 3), and hereby DISMISSES Claims I and II of the Complaint WITH PREJUDICE (doc. 1). In addition, the Court hereby DISMISSES Claim III of the Complaint WITHOUT PREJUDICE (doc. 8).

SO ORDERED.