Richard **BARRETT**, Plaintiff,

v.

Daniel **WALLACE**, et al., Defendants.

No. C–1–99–489.

United States District Court,
S.D. Ohio,
Western Division.

July 5, 2000.

Kevin W Thornton, Lebanon, OH, for Richard Barrett, plaintiffs.

Keith Wendell Anderson, Asst. Prosecuting Attorney, Rachel A Hutzel, Assistant Prosecuting Attorney, Michael Edward Powell, Lebanon, OH, for Daniel Wallace, Warren Cty Sheriffs Office, Warren County Sheriffs Office, Warren County Board of Commissioners, defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants' Motion to Dismiss Complaint or in the Alternative for a Motion for Summary Judgment (doc. 2); Plaintiff's Response (doc. 4); and Defendant's Reply (doc. 6).

## BACKGROUND

On June 28, 1999, Plaintiff Richard Barrett filed a Complaint against Defendants Daniel Wallace, the Warren County Sheriff's Office (hereinafter, "Sheriff's Office"), and the Warren County Board of Commissioners (hereinafter, "Warren County") alleging that he suffered physical injuries and violations of his civil rights at the hands of Defendant Wallace and pursuant to the policies, procedures, and training of Defendants Sheriff's Office and Warren County (doc. 1). *See* Title 42 U.S.C. § 1983. The following facts alleged by Plaintiff, though disputed by Defendants, are taken from the Complaint (*see* doc. 1).

On or about June 29, 1997, at approximately 4:35 a.m., police units from the South Lebanon Police and Hamilton Township Police Departments responded to a 911–telephone call from a Lebanon, Ohio residence that a man had been stabbed. Upon arriving at the scene, Officer Scott Blankenship, of the South Lebanon Police Department, and Deputy Mark Spence, of the Warren County Sheriff's Office, allegedly found Plaintiff incoherent, bloodied, and cut from a knife. Plaintiff was treated by the South Lebanon Life Squad and subsequently transported to Bethesda North Hospital in Montgomery, Ohio. While receiving treatment at Bethesda North, Plaintiff allegedly became agitated, confused, and upset due to the fact that Plaintiff suffers from seizure and panic disorders and was fearful that an epileptic seizure might be imminent.

The medical staff at Bethesda North treated and released Plaintiff into the care and custody of Defendant Wallace, a Deputy with the Sheriff's Office, for transportation to the Warren County jail for undetermined criminal charges. While en route to the Warren County jail, Plaintiff allegedly began to experience extreme pain and discomfort due to the manner in

which Plaintiff was handcuffed and transported by Defendant Wallace. Plaintiff further alleges that the abusive actions of Defendant Wallace induced seizure activity in Plaintiff while he was being driven in Deputy Wallace's police cruiser to the county jail. According to Plaintiff, despite pleading with Defendant Wallace to loosen the restraints, Defendant Wallace allegedly ignored Plaintiff's requests and threatened Plaintiff with being maced in the face with C.S. gas if Plaintiff did not cease struggling inside the cruiser.

During the ride to the jail, at milemarker # 22 on Interstate 71, Defendant Wallace radioed that he was stopping with an unruly prisoner and requested that other units assist him with Plaintiff. While waiting for police backup and with no other deputies on the scene, Defendant Wallace allegedly pulled Plaintiff by his hair from the back seat of the police cruiser and then proceeded to beat Plaintiff about the head and face without sufficient provocation or justification. Defendant Wallace also allegedly proceeded to mace Plaintiff in the eyes, ears, mouth and nose with C.S. gas, as well as threw Plaintiff face first into the concrete pavement. Plaintiff asserts that he in no way physically resisted or assaulted Defendant Wallace, and, therefore, Plaintiff contends that the force used against him during this incident was unnecessary, unreasonable, and excessive.

A very short time after this incident, Sheriff Deputies Stoverman, Spencer, Reynolds, and Hunter arrived on the scene to find Plaintiff in the back seat of Defendant Wallace's cruiser. Plaintiff was then transported to the Warren County jail while continually being bound and handcuffed in the backseat of Defendant Wallace's cruiser. Upon arriving at the Warren County jail at approximately 6:30 a.m., Plaintiff repeatedly informed jail personnel that he was having seizures and also reported the incident that allegedly took place at mile-marker # 22 on Interstate 71. Despite his pleas for help and intervention, Plaintiff allegedly remained bound to a chair without medical treatment for nearly two additional hours while in custody at the county jail.

In his Complaint, Plaintiff argues that, as a direct and proximate result of the said acts of Defendants, Plaintiff suffered the following injuries and damages: (1) violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person; (2) loss of liberty; and (3) physical pain, emotional trauma, and suffering requiring the expenditure of money for treatment. Plaintiff asserts in his Complaint one cause of action against all Defendants for violations of § 1983 (i.e., Counts I and III), as well as a cause of action for state tort liability involving "unjustified and unprovoked" assault and battery by Defendant Wallace against Plaintiff (i.e., Count II).

Specifically, in regards to Defendant Warren County, Plaintiff alleges that, "it was the policy and/or custom of the County of Warren to inadequately supervise and train its police officers, including [Defendant Wallace], thereby failing to adequately discourage further constitutional violations on the part of its Sheriff Deputies" (doc. 1). Furthermore, Plaintiff alleges that, "as a result of the above-described policies and customs, Sheriff Deputies of the Warren County Sheriff Department, including [Defendant Wallace], believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated" (*Id.*).

In response to Plaintiff's Complaint, Defendants filed a Motion to Dismiss or in the Alternative a Motion for Summary Judgment on July 12, 1999 (doc. 2). Shortly thereafter, Plaintiff filed his Response (doc. 4) followed by Defendants' Reply (doc. 6). In the case at bar, Plaintiff contends that Defendants acted under the color of state law in order to deprive him of rights guaranteed by the Due Process

Clause of the Fourteenth Amendment to the United States Constitution. Defendants counter that Plaintiff's Complaint fails to allege sufficient facts upon which a claim for relief could be granted, or, in the alternative, that Defendants are entitled to judgment as a matter of law. This matter is now ripe for the Court's determination.

## STANDARD OF REVIEW FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "requires the Court to determine whether a cognizable claim has been pleaded in the complaint." *Roberts v. Alan Ritchey, Inc.*, 962 F.Supp. 1028, 1030 (S.D.Ohio 1997). In making this inquiry, the Court must view the motion in a light most favorable to the party opposing it. *See Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir.1983). In other words, a court must accept as true all of the allegations in the well-pleaded complaint that is under attack. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). The Court may then grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A Rule 12(b)(6) motion to dismiss requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed.R.Civ.P. 8(a), which states that a pleading "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests."

*Conley*, 355 U.S. at 47, 78 S.Ct. 99. A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in *Jones v. Sherrill*, 827 F.2d 1102, 1103 (6th Cir.1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Id.* at 158; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Jones*, 827 F.2d at 1103.

The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. 5A Charles A. Wright 7 & Arthur R. Miller, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint ... must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984), *cert. denied*, 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985) (quoting *In Re: Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir.1981), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100, 77 L.Ed.2d 1358 (1983)); *see also Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir.1984); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: § 1216 at 121–23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will

not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988).

### STANDARD OF REVIEW IN A MOTION FOR SUMMARY JUDGMENT

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. 2548; *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Guarino*, 980 F.2d at 405.

As the Supreme Court stated in *Celotex*, the non-moving party must "designate" specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Guarino*, 980 F.2d at 405.

Although the burden might not require the non-moving party to "designate" facts by citing page numbers, " 'the designated portions must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies.' " *Guarino*, 980 F.2d at 405 (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989), *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990)).

Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990).

### DISCUSSION

To state a claim under Title 42 U.S.C. § 1983, a complaint must allege that the defendant, acting under the color of state law, deprived the plaintiff of some right, privilege, or immunity secured by the United States Constitution or by federal law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Lee v. Western Reserve Psychiatric Habilitation Ctr.*, 747 F.2d 1062, 1067 (6th Cir. 1984).

#### A. The Parties' Arguments

In their Motion to Dismiss or in the Alternative Motion for Summary Judgment, Defendants move this Court to dismiss all Defendants from this action pursuant to Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure on the grounds that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, or, in the alternative, Defendants are entitled to judgment as a matter of law (doc. 2). Specifically, Defendants reiterate that Plaintiff's Complaint contains mere conclusory allegations that

warrant an immediate dismissal by this Court of all claims asserted by Plaintiff against all Defendants. *See Monell v. Department of Soc. Servs. of New York,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ( "[W]e would appear to have decided that the mere right to control without any control or direction having been exercised and without the failure to supervise is not enough to support § 1983 liability."); *see also Ridgeway v. Union County Comm'rs,* 775 F.Supp. 1105, 1110 (S.D.Ohio 1991) (finding that the plaintiff's theory of liability against the Union County Commissioners was erroneously based on the doctrine of respondeat superior, and, also holding that, the commissioners were not responsible for the actions of the sheriff's department).

In his Response, Plaintiff repeats many of the allegations found in his Complaint and urges this Court to hold all Defendants liable in this action for what allegedly occurred in the early morning hours of June 29, 1997 at mile-marker # 22 on Interstate 71, and at the county jail thereafter. Specifically, Plaintiff counters that the inappropriate "in-service training or re-training of officers, who were known to engage in police misconduct," demonstrates a "deliberate indifference" on the part of policymakers of Warren County to the constitutional rights of persons within the county, and, therefore, that indifference was the proximate cause of the violations of Plaintiff's civil rights.

Plaintiff argues that such actions come under the color of law, and he maintains that the actions, customs, and policies of Defendants deprived him of his liberty. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) ("The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby makes clear that municipal liability is limited to acts for which the municipality is actually responsible."). Specifically, Plaintiff alleges that since Defendant Wallace was following the "official policies and customs" of the Warren County Commissioners when Plaintiff was physically assaulted in violation of § 1983. Moreover, Plaintiff asserts that Defendant Commissioners can and should be held liable for the "official policy" that Defendant Wallace was following in June of 1997.

Therefore, according to Plaintiff, all Defendants are actually liable for the harm that occurred to Plaintiff, and, thus, his Complaint should survive Defendants Motion to Dismiss this action should be allowed to proceed forward.

## B. *Defendants' Motion To Dismiss Is Granted–In–Part (doc. 2).*

Having reviewed this matter in a light most favorable to Plaintiff and accepting as true the allegations in the Complaint under attack, the Court finds Defendants Sheriff's Office and Warren County's arguments for dismissal to be persuasive for several reasons.

First, the Court finds that Plaintiff's case against Defendant Sheriff's Office must be dismissed because the Sheriff's Office is not a proper legal entity, and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992). Generally, most states do not consider sheriff's department as legal entities subject to suit under § 1983. *Id.* The question here is not whether the Sheriff's Office is a "person" for the purposes of liability under *Monell* and § 1983, but whether the Sheriff's Office is a proper legal entity subject to suit. We find that it is not.

Moreover, pursuant to the Federal Rules of Civil Procedure, the capacity to sue or be sued is determined by the law of the state in which the district court sits or by the law of the individual's domicile. Fed.R.Civ.P. 17(b). Under Ohio case law, a county sheriff's office is not a legal entity that is capable of being sued. *See Batchik v. Summit County Sheriff's Dept.,* No.

13783, 1989 WL 26084, at *1 (Ohio Ct.App. Mar. 15, 1989) (unreported).

In the case at bar, Plaintiff specifically named the Warren County Sheriff's Office in the caption of his Complaint. In addition, the record reveals that Plaintiff has never submitted a motion to amend or an amended complaint to correct this apparent procedural error. It is clear from these actions by Plaintiff that he intended to bring suit against the Sheriff's Office. Because Ohio law bars a claim against a county sheriff's office, we find Defendant Sheriff's arguments for dismissal from this action to be persuasive in this matter.

Furthermore, this Court also finds that, even if the Sheriff's Office or the Sheriff was a proper party to this action, we would, nonetheless, conclude that Plaintiff's Complaint fails to state a claim upon which relief can be granted. This is because the Complaint and the Response is almost totally without facts in regards to what specific actions, policies, or customs of the Sheriff or Sheriff's Office took, or failed to take, that were in violation of § 1983. In other words, even if the Sheriff's Office was a proper party to this action, Plaintiff's Complaint fails to put forward any genuine issues of material fact in relation to Defendant Sheriff's Office. This Court finds in the alternative that Defendant Sheriff's Office is entitled to judgment as a matter of law. Therefore, this Court hereby DISMISSES Count III of the Complaint in relation to Defendant Sheriff's Office (*see* doc. 1). *See* Fed. R.Civ.P. 12(b)(6) and 56.

Second, Defendant Warren County is not liable for any of the alleged claims asserted by Plaintiff in his Complaint. Under § 1983, liability may not be imposed against a local governmental entity, for example, a board of county commissioners, under a theory of respondeat superior or vicarious liability. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997).

To state a valid claim under § 1983, a plaintiff must show that his injury was caused by an unconstitutional established practice, policy, or custom of the governmental entity. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018; *Taylor v. Canton Ohio Police Dep't*, 544 F.Supp. 783, 788 (N.D.Ohio 1982). A local government can only be held liable when it has committed the constitutional violation, not when the violation was committed by its employees. *Feliciano v. City of Cleveland*, 988 F.2d 649, 653 (6th Cir.1993) (citing *Pembaur*, 475 U.S. at 478–79, 106 S.Ct. 1292). A plaintiff must set forth facts showing the existence of an offending custom or policy and mere conclusory allegations are insufficient. *Taylor*, 544 F.Supp. at 788.

Plaintiff's allegations fail to specify a policy or custom on the part of Warren County or its officials that caused the constitutional violations complained of. Rather, they merely amount to another way of stating that the county government is liable because it hired an alleged tortfeasor. *Id.* Plaintiff's Complaint merely makes conclusory allegations that Warren County has "inadequate policies or custom to supervise, train and investigate its employees," and, thus, exhibited a "deliberate indifference" to the constitutional rights of the residents of Warren County. Furthermore, "a plaintiff ordinarily cannot show that a municipality acted with 'deliberate indifference' without showing that the municipality was aware of prior unconstitutional actions of its employees and failed to respond." *City of Canton v. Harris*, 489 U.S. 378, 390–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Plaintiff fails to state in his Complaint and in his Response sufficient facts demonstrating that Warren County had prior notice of the alleged actions of Defendant Wallace or the Sheriff's Office personnel.

In addition, Plaintiff's Complaint fails to state a sufficient nexus between Defendant Warren County's actions, or inactions, and the subsequent harm claimed by Plaintiff. Specifically, Plaintiff's Complaint fails to

meet the "official policy" requirement as stated in *Pembaur* that would allow a § 1983 action to proceed against the county government based on a direct liability theory for actions taken by the municipality itself. Plaintiff is attempting to hold Warren County liable under a legal theory based on the doctrine of respondeat superior as stated in *Ridgeway*, and not one based on the actions of Defendant Commissioners. *See Ridgeway v. Union County Comm'rs*, 775 F.Supp. 1105, 1110 (S.D.Ohio 1991); *see also Monell*, 436 U.S. at 694, 98 S.Ct. 2018.

Finally, Plaintiff also failed to allege any other instances where Warren County violated the constitutional rights of its citizens. *See City of Canton*, 489 U.S. at 389, 109 S.Ct. 1197 ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.") Thus, Plaintiff's Complaint fails to set forth operative facts sufficient to state a cognizable claim under § 1983. In addition, this Court finds in the alternative in favor of Defendant Warren County as a matter of law. Accordingly, the Court hereby DISMISSES Count III of the Complaint in relation to Defendant Warren County (*see* doc. 1).

## C. *Defendants' Motion To Dismiss Is Denied–In–Part (doc. 2).*

However, Plaintiff does assert a cognizable claim for relief against Defendant Wallace for the alleged incidents that took place during the early morning hours of June 29, 1997, at mile-marker # 22 on Interstate 71, and in the county jail thereafter.

In a suit for damages under § 1983 against a police officer, a plaintiff must show that an officer's actions are unconstitutional and that the officer should have known that he was violating plaintiff's rights. *Stemler*, 126 F.3d at 866. A plaintiff must allege sufficient facts in order to

show that a law enforcement officer lacked probable cause to use the necessary force. *Carlton v. Davisson*, 104 Ohio App.3d 636, 652, 662 N.E.2d 1112, 1122 (1995).

Defendant Wallace defends against Plaintiff's allegations of unjustified force by asserting that he is protected by the doctrine of "qualified immunity." Qualified immunity precludes civil liability suits under both § 1983 and the common law. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) ("Unless a plaintiff's allegations state a claim of violation of 'clearly established' law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). The rationale for the "qualified immunity" doctrine as stated in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) is that, "where an official's duties legitimately require action in which 'clearly established' rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequences." *Id.*, 457 U.S. at 819, 102 S.Ct. 2727; *see also Mitchell*, 472 U.S. at 525–26, 105 S.Ct. 2806.

Furthermore, Ohio law provides a law enforcement officer with immunity from any liability when there is no valid claim under § 1983. *See* Ohio Rev.Code § 2744.03(A)(6). However, contrary to Defendants' inferences to the contrary, qualified immunity does not shield a police officer from liability if a reasonable and competent law enforcement officer would have known that his actions clearly violated established law. *See* Ohio Rev.Code §§ 2744.03(A)(6)(a)(c); *see also Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ("[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective reasonableness' of the action.").

In the case at bar, Plaintiff's Complaint alleges that Defendant Wallace will-

 

fully and unreasonably applied excessive force against Plaintiff causing severe injury. This Court finds that the facts as alleged by Plaintiff in his Complaint support a finding that Defendant Wallace is not entitled to qualified immunity in this case, and, therefore, Defendant Wallace is not entitled to a motion to dismiss.

Furthermore, we also agree with Plaintiff's contention that when the facts of the instant case are viewed in a light most favorable to Plaintiff, a genuine issue of material fact arises as to whether Defendant Wallace acted unreasonably in his alleged use of excessive force in subduing Plaintiff which resulted in serious injury to Plaintiff. The contested facts regarding the reasonableness of Defendant Wallace's use of force against Plaintiff requires a credibility determination by the trier of fact and cannot be resolved as a matter of law through a motion to dismiss or summary judgment.

Having reviewed this matter, the Court finds that when the Complaint is viewed in a light most favorable to Plaintiff, Plaintiff's Complaint does state a claim upon which relief can be granted in relation to Defendant Wallace. We also find, in the alternative, that there are genuine issues of material fact which precludes this Court from finding in favor of Defendant Wallace in regards to Counts I and II of the Complaint. Therefore, this Court DENIES Defendants Motion to Dismiss Count I and II of the Complaint in relation to Defendant Wallace (*see* doc. 1).

### CONCLUSION

For the foregoing reasons, the Court hereby GRANTS–IN–PART Defendants' Motion to Dismiss and in the Alternative Motion for Summary Judgment as to Count III of Plaintiff's Complaint against Defendants Sheriff's Office and Warren County due to Plaintiff's failure to state a claim upon which relief could be granted, and, in the alternative, Defendant Sheriff's Office and Warren County are entitled to judgment as a matter of law (doc. 2). The Court also DENIES–IN–PART Defendants' Motion to Dismiss and in the Alternative a Motion for Summary Judgment as to Counts I and II of the Complaint against Defendant Wallace (*Id.*).

Accordingly, Defendant Warren County Sheriff's Office and Defendant Warren County Board of Commissioners are DISMISSED as Parties to this action (*see* doc. 1).

SO ORDERED.