NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0679n.06

Case No. 15-1044

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN M. ALDINI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| KROGER COMPANY OF MICHIGAN, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | **O P I N I O N** |

BEFORE: GIBBONS and McKEAGUE, Circuit Judges; ANDERSON, District Judge.[*]

**McKEAGUE, Circuit Judge.** John Aldini returned from foot surgery to his job as a meat clerk at Kroger without medical restrictions. A week later, he submitted a doctor's note requesting lifting and rest restrictions. However, Aldini retracted this request the next day with a new doctor's note that cleared him to work without restrictions, and he continued to work for two years without mentioning any alleged disability or requesting accommodations. Aldini sued Kroger under the ADA for failure to accommodate his restrictions and retaliation. Because he did not produce evidence to support his claims, we affirm the district court's grant of summary judgment to Kroger.

---

[*] Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, sitting by designation.

**I**

Plaintiff-appellant John Aldini began working for Defendant-appellee Kroger in 1988 as a meat clerk, joining Store No. 455 in Roseville, Michigan in 2007. During the events giving rise to this lawsuit, the store manager was Jeffrey Morley.

Aldini had foot surgery in May 2010 and was on medical leave until June 6, 2010. Aldini returned to work on June 6, 2010, providing Kroger with a doctor's note that allowed him to return to work "without restrictions." On June 14, 2010, Aldini provided Morley with a second doctor's note that restricted Aldini to lifting less than 25 pounds and required a 15-minute break every two hours. Morley told Aldini that he could not accommodate Aldini's restrictions because his job required lifting more than 25 pounds, but that he would get in touch with Human Resources. Morley then forwarded Aldini's doctor's note to Human Resources.

Aldini went to his doctor the same day and told him Kroger was not cooperating. His doctor replied, "Then fine. You can go back to work with no restrictions." Aldini returned to work the very next day, June 15, 2010, and gave Morley a third note that again cleared him to work "without restrictions." Morley testified that, after June 15, 2010, he understood that Aldini had no restrictions on his ability to work. Aldini confirmed that, after June 15, 2010, he never again requested an accommodation from Kroger. Aldini testified he did not request another accommodation because he believed Kroger would not allow him to work. He continued to work for almost two years leading up to this lawsuit without giving Kroger any indication he was disabled or needed an accommodation.

In 2011, Aldini filed two charges with the United States Equal Employment Opportunity Commission (EEOC). Both charges stated Kroger denied Aldini's requests for accommodation

but did not identify what accommodations he requested.[1]  The second EEOC charge also stated

that Aldini "ha[d] been harassed continuously by [his] supervisor and management."[2]  Aldini's

attorney sent a letter to Kroger on May 21, 2012, reiterating Aldini's complaints that Kroger

failed to accommodate his restrictions and retaliated against him.

Aldini claims he was harassed by Patricia Trongo, the head of the meat department at

Store 455, "from day one."  According to Aldini, Trongo was abrasive, made "bothersome"

comments, and scheduled him for later shifts even though he was entitled to earlier shifts based

on seniority.[3]  *Id.*  Aldini complained to Kroger on multiple occasions that Trongo was treating

him rudely and unfairly, and a coworker testified Trongo "like[d] to pick on" Aldini.  Trongo

testified that she was not aware Aldini had restrictions on his ability to work, had requested

accommodations from Kroger, or had filed EEOC charges.  And Aldini did not testify to or

explain how Trongo's alleged harassment was tied to his alleged disability or his EEOC charges.

In May 2012, while still employed by Kroger, Aldini sued Kroger in Michigan state court

under the Americans with Disabilities Act (ADA) and Michigan's Persons with Disabilities Civil

Rights Act (PWDCRA), alleging that Kroger failed to accommodate his disability and retaliated

against him for requesting an accommodation and filing EEOC charges.  The district court

granted Kroger's motion for summary judgment, finding Aldini failed to make out *prima facie*

cases for failure to accommodate and retaliation.  On appeal, Aldini claims the district court

erred when: (1) it concluded Aldini failed to establish that he requested an accommodation from

---

[1] The second EEOC charge said Kroger refused to grant Aldini a transfer to another store, but (as Aldini admits) he was ineligible for a transfer.

[2] The record contains no evidence showing the EEOC issued Aldini a right to sue letter.

[3] Kroger maintains (and Aldini does not dispute) that Aldini could not work these earlier shifts because he was unable, even after training, to operate certain equipment or successfully complete the tasks required during earlier shifts.

Kroger; (2) it concluded Aldini could not make out a *prima facie* case for retaliation; and (3) it decided Aldini's state-law claims instead of declining to exercise supplemental jurisdiction.

## II

We review a district court's order granting summary judgment *de novo*. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868 (6th Cir. 2007). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When reviewing a grant of summary judgment, we view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The inquiry is whether a reasonable jury could return a verdict for the nonmoving party or "whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). We will affirm summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The ADA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). The PWDCRA "substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally . . . resolve the plaintiff's PWDCRA claim." *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012) (citation omitted). Aldini's state-law claims under the PWDCRA have the same elements as his ADA claims, so we will analyze the ADA and PWDCRA claims in tandem.

*Failure to Accommodate.* The ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Kleiber*, 485 F.3d at 868 (quoting 42 U.S.C.

§ 12112(b)(5)(A).  To establish a *prima facie* case for failure to accommodate, a plaintiff must show that: (1) he is disabled under the ADA; (2) he is otherwise qualified for the position, with or without a reasonable accommodation; (3) his employer knew or had reason to know of his disability; (4) he requested a reasonable accommodation; and (5) the employer failed to provide the reasonable accommodation.  *Johnson v. Cleveland City Sch. Dist.*, 443 Fed. App'x 974, 982–83 (6th Cir. 2011) (citing *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004)).

We need only address whether Aldini requested a reasonable accommodation from Kroger.[4]  The employee bears the burden of requesting a reasonable accommodation.  *Melange v. City of Center Line*, 482 Fed. App'x 81, 84–85 (6th Cir. 2012) (citing *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1046–47 (6th Cir. 1998)); *Petzold v. Borman's Inc.*, 617 N.W.2d 394, 398–99 (Mich. Ct. App. 2000) (citing MICH. COMP. LAWS § 37.1210(18)).  In certain situations, a request for accommodation can be inferred by context.  *Smith v. Henderson*, 376 F.3d 529, 535 (6th Cir. 2004).  Nevertheless, we require a request for a reasonable accommodation—whether explicitly or by inference—to establish a *prima facie* claim for failure to accommodate.  *Kleiber*, 485 F.3d at 870.  We place this burden on the employee because "[t]he employer is not required to speculate as to the extent of the employee's disability or the employee's need or desire for an accommodation."  *Gantt*, 163 F.3d at 1046–47.  As such, the general rule is that when the employee does not propose an accommodation, his "failure to accommodate" claim must fail.  *Kocsis v. Multi-Care Mgmt.*, 97 F.3d 876, 883 (6th Cir. 1996).

Aldini failed to request a reasonable accommodation from Kroger.  As the district court found and the parties agree, Aldini did request an accommodation by presenting a doctor's note

---

[4] The district court found there were genuine issues of material fact as to whether Aldini had a disability and was otherwise qualified for the position.  Because we agree with the district court that Aldini failed to request a reasonable accommodation and this failure is dispositive, we will not revisit the district court's findings on the other elements.

setting out certain restrictions on June 14, 2010. However, Aldini retracted his request *in less than 24 hours* by presenting a new doctor's note clearing him to return to work without restrictions. From that point on, Aldini worked with no restrictions *for two years* and, according to his own testimony, *never again requested an accommodation*. Although Aldini relies heavily on *Smith* to argue we should infer he requested an accommodation, this case is easily distinguishable because we have no evidence to establish that anyone at Kroger was aware Aldini had a disability or needed an accommodation after June 15, 2010. *See Smith*, 376 F.3d at 535 (inferring a request for accommodation where employer was "well aware of [the employee's] disability and her need for a medical restriction"). Aldini's decision to withdraw his request and continue working without complaint means his claim must fail and summary judgment is appropriate.

Aldini argues any further request would have been futile. We have, in limited circumstances, excused the failure to make a request for accommodation if such a request would be futile. *See Clark v. Whirlpool Corp.*, 109 Fed. App'x 750, 755 (6th Cir. 2004) (citing *MX Group, Inc. v. City of Covington*, 293 F.3d 326, 344 (6th Cir. 2002)). But the evidence here does not support Aldini's argument. When Aldini gave the doctor's note imposing restrictions to Morley, Aldini testified that Morley told him he "doesn't accommodate." Morley confirmed this conversation and testified that he explained to Aldini that "he cannot work with these restrictions and that [Morley] would get in touch with Human Resources." Morley forwarded Aldini's note to Human Resources, but Aldini presented a different note the next day clearing him for work without restrictions.

This case is a far cry from *MX Group*—the only case Aldini cites where the court found a request would be futile—because in *MX Group*, the City of Covington responded to the

plaintiff's request by *passing an ordinance* that made the accommodation impossible and further requests futile. 293 F.3d at 344. Here, Morley's statements cannot even be viewed as a definitive rejection of Aldini's request, let alone evidence that further requests would have been futile. Yes, Morley told Aldini he could not accommodate his restrictions in his current role, but he also told Morley he would contact Human Resources. And contacting HR was only the beginning of a process to see whether Kroger could accommodate restrictions. Despite knowing Morley was going to contact HR about his restrictions, Aldini voluntarily retracted his request the very next day. Unsurprisingly, no one at Kroger asked Aldini whether he was disabled or needed an accommodation after he was cleared with no restrictions.

Aldini alternatively argues his EEOC charges and letter to Kroger just before this lawsuit were requests for accommodation. This argument has no basis in the record. Aldini filed two EEOC charges in 2011, but neither indicated what "reasonable restrictions" Aldini requested. Similarly, the letter from Aldini's attorney was just a precursor to filing suit, stating that Morley refused to accommodate Aldini's restrictions without any mention of what those restrictions were. Considering Aldini admits he never requested an accommodation after retracting his June 14, 2010 doctor's note, we see nothing in the record that would lead us to conclude otherwise. Because Aldini failed to request a reasonable accommodation, he cannot make out a *prima facie* case, and we hold that Kroger was properly granted summary judgment on Aldini's failure to accommodate claim.

*Retaliation.* Aldini's claim for retaliation is also unsupported by evidence. For an ADA retaliation claim, Aldini must establish that (1) he engaged in activity protected by the ADA; (2) Kroger knew he exercised his protected right; (3) Kroger took an adverse employment action against him or subjected him to severe or pervasive retaliatory harassment; and (4) there was a

causal connection between his protected activity and Kroger's action. *Johnson*, 344 Fed. App'x at 113 (citing *Barrett v. Whirlpool Corp.*, 556 F.3d 503, 516 (6th Cir. 2009)); *Aho v. Dep't of Corrections*, 688 N.W.2d 104, 108–09 (Mich. Ct. App. 2004) (setting forth same elements)).

Aldini offers no evidence to establish a causal connection between his protected activity and his claimed harassment. At best, the evidence shows Trongo had been treating Aldini the same way since 2008—well before Aldini's alleged disability—and was similarly tough on most employees. This is all Aldini can offer, but the ADA's anti-retaliatory provision does *not* exist to protect employees from abrasive bosses. With no causal connection linking Aldini's protected activity to his claimed harassment, we hold that summary judgment is appropriate on his retaliation claim as well.

*State-Law Claims.* Aldini finally argues that the district court should have declined to exercise supplemental jurisdiction over his state-law claims under Michigan's PWDCRA. We review the decision to exercise supplemental jurisdiction for abuse of discretion. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 200 (6th Cir. 2004). District courts have broad discretion to exercise supplemental jurisdiction, and their decision "depends on judicial economy, convenience, fairness, and comity." *Carmichael v. City of Cleveland*, 571 Fed. App'x 426, 434 (6th Cir. 2014) (citing *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Aldini's PWDCRA claims were decided on the same facts and law as his ADA claims, and we therefore find no abuse of discretion in the district court's decision to decide Aldini's state-law claims.

### III

We find no error in granting summary judgment to Kroger and **AFFIRM**.