[Cite as *Stewart v. Bear Mgt, Inc.*, 2017-Ohio-7895.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ANNE STEWART | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellant | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| BEAR MANAGEMENT, INC., ET AL. | : | | Case No. 2017CA00025 |
| | : | | |
| Defendants- Appellees | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Stark County Court
                                  of Common Pleas, Case No. 2016
                                  CV 01579




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 September 27, 2017




APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

BRIAN D. SPITZ                             ANDY A. GINELLA
AMANDA M. BOUTTON                          4096 Holiday Street NW
The Spitz Law Firm, LLC                    Canton, Ohio 44718
Water Tower Plaza
25200 Chagrin Blvd., Suite 200
Beachwood, Ohio 44120

*Baldwin, J.*

{¶1} Plaintiff-appellant Anne Stewart appeals from the January 12, 2017 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendants-appellees Bear Management, Inc., David M. DiPietro, and Timothy Weinman.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Anne Stewart, who was employed by appellee Bear Management, Inc. at one of its Pizza Oven stores, had a second job at Dunkin' Donuts. On February 16, 2013, appellant, while at her second job, fell. Appellant tore her right rotator cuff and fractured her left hand, requiring surgery. Appellant requested permission from appellees to take FMLA (Family and Medical Leave Act) leave for the week of February 17, 2013 and was granted leave. Appellant, during her deposition, testified that she attempted to go back to work the following Monday. She testified that her physician had released her to work with a five pound lifting restriction and that she had given a written release from her physician to Elaine Mayle, the Pizza Oven manager, approximately a week after her injury.

{¶3} A few days after her injury, before getting a release from her physician, appellant had spoken with appellee Timothy Weinman, who is in management, by telephone and he told appellant that she would not be permitted to return to work until she had a full work release. Appellant admitted during her deposition that she never called Weinman back and told him that she had a release from her physician permitting her to work with a five pound lifting restriction. According to appellant, she sent a text message to Timothy Weinman on June 17, 2013 stating that she was supposed to start

back to work the next day, but was not able to do so.  Appellant, who had surgery on March 25, 2013, testified that she was fired in July of 2013 when Weinman left a voice message on her phone.

{¶4}   Reports from appellant's treating physician, which were attached to her deposition, state that appellant was not released to any work for the period from March 25, 2013 through September 1, 2013.  Appellant's medical records from January 15, 2014 indicate that she was not released to her former position at Pizza Oven but could return to available and appropriate work with restrictions from November 20, 2013 to February 17, 2014. Another physician's report dated February 14, 2014 states that from November 20, 2013 to April 30, 2014, appellant was not released to her former position at Pizza Oven but could return to available and appropriate work with restrictions.

{¶5}   Appellant, during her deposition, testified that she did not talk to anyone about a reasonable accommodation.  Appellant received temporary total disability payments from Dunkin' Donuts from February through September of 2013.

{¶6}   Appellant, on July 8, 2016, filed a complaint against appellees Bear Management, Inc. and David M. DiPietro and Timothy Weinman, individual management employees, alleging disability discrimination and failure to accommodate. Appellees filed an answer to the complaint on August 9, 2016 and an amended answer on September 19, 2016.

{¶7}   Appellees, on October 11, 2016, filed a Motion for Summary Judgment. Appellant filed a memorandum in opposition to the same on October 7, 2016 and appellees filed a reply brief on October 14, 2016.

{¶8}  Pursuant to a Judgment Entry filed on January 12, 2017, the trial court granted appellees' Motion for Summary Judgment. Appellant now appeals, raising the following assignments of error on appeal:

{¶9}  I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DETERMINING THAT STEWART FAILED TO SHOW THAT SHE INITIATED A REQUEST FOR AN ACCOMMODATION FROM APPELLEE FOR THE PURPOSES OF HER DISABILITY DISCRIMINATION CLAIM.

{¶10}  II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT STEWART WAS NOT AUTHORIZED TO RETURN TO WORK IN ANY CAPACITY.

{¶11}  III.  THE  TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT FINDING THAT APPELLEES' REASON(S) FOR TERMINATING STEWART WAS A PRETEXT FOR DISABILITY DISCRIMINATION.

I, II, III

{¶12}  Appellant, in her three assignments of error, argues that the trial court erred in granting appellees' Motion for Summary Judgment.

{¶13}  Civ.R. 56 states, in pertinent part, as follows:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary

judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶14} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶15} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

{¶16} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record

which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

**{¶17}** As an initial matter, we note that the only evidence submitted in this case was appellant's deposition testimony and the exhibits attached thereto. The deposition of Tim Weinman and his affidavit, while cited in the briefs, are not part of the trial court record and cannot, therefore, be considered by this Court.

**{¶18}** As is stated above, appellant, in her complaint, alleged disability discrimination pursuant to R.C. 4112.02 and failure to accommodate. To establish a prima facie case of disability discrimination, an employee must demonstrate: (1) that he or she was disabled; (2) that the employer took an adverse employment action against the employee, at least in part, because the employee was disabled; and (3) that the employee could safely and substantially perform the essential functions of the job in question despite his or her disability. *Hood v. Diamond Prod., Inc.,* 74 Ohio St.3d 298, 302, 1996-Ohio-259, 658 N.E.2d 738. An employee may satisfy the third element of the prima facie case by showing that he or she could have performed the essential functions of the job with a reasonable accommodation, if necessary. *Shaver v. Wolske & Blue*, 138 Ohio App.3d 653, 663, 742 N.E.2d 164 (10th Dist. 2000).

**{¶19}** Once an employee establishes a prima facie case of disability discrimination, "the burden then shifts to the employer to set forth some legitimate, nondiscriminatory reason for the action taken." *Hood v. Diamond Prod., Inc.,* supra. If the employer does so, "then the employee * * * must demonstrate that the employer's stated reason was a pretext for impermissible discrimination." *Id.*

**{¶20}** In interpreting the Ohio anti-discrimination statutes Ohio courts may look to cases and regulations interpreting federal civil rights legislation, including the federal Americans with Disabilities Act. *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 573, 697 N.E.2d 204 (1998).

**{¶21}** As to the appellant's failure to accommodate claim, "a prima facie case involves a showing that: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position (with or without reasonable accommodation); (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. The burden is placed on the plaintiff to propose an accommodation that is objectively reasonable." *Barber v. Chestnut Land Co.*, 7th Dist. Mahoning No. 15MA39, 2016-Ohio-2926 at paragraph 72 (Citations omitted).

**{¶22}** There is no dispute in the case sub judice that appellant was disabled. While appellant claims that she was terminated on February 23, 2013 due to her disability, during her deposition, she testified that she was terminated in July of 2013 when Weinman left her a voice mail message. Moreover, in appellees' Exhibit 2, which was attached to appellant's deposition, appellant, in a June 17, 2013 text message to Tim Weinman, stated, as follows:

{¶23} "Tim. This is Anna. I was suppose to start back to work 2morrow but the doctor has extended the time period now. I have the documents here with me. So who am I to give them to? The store or u? Mike said to talk to u but I called twice and texted once and no response. What would u like me to do then?"

{¶24} Had appellant believed that she had been terminated in February of 2013, as alleged in her complaint, there would have been no reason to send such a text message.

{¶25} The issue for determination is whether appellant could safely and substantially perform the essential functions of the job in question despite her disability. Appellant, in her brief, argues that she was released to work with a five pound lifting restriction on February 22, 2013 and that she gave a written release to return to work with the restrictions to Elaine Mayle. However, as noted by the trial court, no such release is included in the medical records from appellant's physician. A Physician's Report of Work Ability, which is dated March 4, 2013, from appellant's physician indicates that appellant was not permitted to work in any capacity from March 25, 2013 to June 17, 2013. The report further indicated that appellant's condition was causing temporary total disability. Another Physician's Report of Work Ability, which is dated May 21, 2013, from appellant's physician stated that appellant was not released to any work for the period from May 17, 2013 through July 31, 2013 and that her condition was causing temporary total disability. Appellant's physician subsequently indicated that appellant was not released to any work until September 1, 2013.

{¶26} As noted by the trial court, appellant "was not medically released by her physician until long after her FMLA leave had been exhausted. Until that time, she was

unable to perform an essential function of the position because of her physical limitations."
We find, on such basis, that the trial court did not err in granting summary judgment in favor of appellees on appellant's disability discrimination claim.

**{¶27}** With respect to appellant's failure to accommodate claim, we find that summary judgment was proper because appellant did not meet the third element of the accommodation test. Appellant failed to show that despite her disability she could perform the essential function of her former position with reasonable accommodations. As is discussed above, appellant was not released to perform any work until September 1, 2013, which is after her July 2013 termination. Moreover, while, as is stated above, a disabled employee must propose a reasonable accommodation, appellant, during her deposition, testified that she did not talk to anyone about a reasonable accommodation and that the statement in her pervious federal complaint against appellees stating that she had was not accurate.

**{¶28}** Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of appellees.

**{¶29}** Appellant's three assignments of error are, therefore, overruled.

{¶30} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. concurs

Hoffman, J. dissents.

*Hoffman, J., dissenting*

{¶31} I respectfully dissent from the majority opinion. I do so because I find the following evidence, when construed most strongly in Appellant's favor as required under Civ.R. 56, is sufficient to show reasonable minds could differ as to the merits of Appellant's claims.

{¶32} Appellant averred, following her February 16, 2016 injury she presented a return to work release, with restriction, to Elaine Mayle, the Pizza Oven manager, doing so on February 22, 2013. I recognize Appellant's attending physician's record does not contain evidence of such release. However, when construed most strongly in favor of Appellant, I find this conflict in the evidence creates a genuinely disputed, material fact. Credibility of the evidence is not to be weighed during summary judgment proceeding.

{¶33} Shortly after her injury, Appellant averred she spoke to Timothy Weinman, who told her she would not be permitted to return to work until she had a full work release. Such sufficiently supports Appellant's argument her need to formally request an accommodation is waived because it would have been futile. *Aldini v. Kroger Co. of Michigan*, 628 Fed. Appx. 347, 351 (6th Cir. 2015) citing *Smith v. Henderson*, 376 F.3d 529, 535 (6th Cir. 2004).

{¶34} Appellant had surgery to repair the injury on March 25, 2013. It is clear the medical records support the conclusion she was not released to return to any work following that surgery until after her termination in July, 2013. Another physician's report indicates she could return to her former position at Pizza Oven with restrictions from November 20, 2013, to April 30, 2014, however, such was after her termination in July, 2013.

**{¶35}** The majority notes despite Appellant's claim to have given a written release to return to work with restrictions to Mayle in February, 2013, her physician's medical records do not include this release. The majority next notes a Physician's Report of Work Ability indicates Appellant was not permitted to work in any capacity from March 25, 2013, to June 17, 2013, which was later extended through July 31, 2013 – apparently in support of its conclusion Appellant's testimony is not credible.

**{¶36}** As noted earlier, I find a genuine dispute of material fact exists as to whether Appellant delivered a written release to work with restrictions to Mayle on February 22, 2013. The fact Appellant was not permitted to return to any form of work following her surgery on March 25, 2013, is not necessarily inconsistent with that claim.

**{¶37}** Unlike the majority, I find Appellant did present sufficient evidence to meet the third element of the accommodation test.

**{¶38}** I would reverse the judgment of the trial court and remand the matter for further proceedings.