Hoffman, J., dissenting
 

 {¶ 31} I respectfully dissent from the majority opinion. I do so because I find the following evidence, when construed most strongly in Appellant's favor as required under Civ.R. 56, is sufficient to show reasonable minds could differ as to the merits of Appellant's claims.
 

 {¶ 32} Appellant averred, following her February 16, 2016 injury she presented a return to work release, with restriction, to Elaine Mayle, the Pizza Oven manager, doing so on February 22, 2013. I recognize Appellant's attending physician's record does not contain evidence of such release. However, when construed most strongly in favor of Appellant, I find this conflict in the evidence creates a genuinely disputed, material fact. Credibility of the evidence is not to be weighed during summary judgment proceeding.
 

 {¶ 33} Shortly after her injury, Appellant averred she spoke to Timothy Weinman, who told her she would not be permitted to return to work until she had a full work release. Such sufficiently supports Appellant's argument her need to formally request an accommodation is waived because it would have been futile.
 
 Aldini v. Kroger Co. of Michigan
 
 ,
 
 628 Fed.Appx. 347
 
 , 351 (6th Cir. 2015) citing
 
 Smith v. Henderson
 
 ,
 
 376 F.3d 529
 
 , 535 (6th Cir. 2004).
 

 {¶ 34} Appellant had surgery to repair the injury on March 25, 2013. It is clear the medical records support the conclusion she was not released to return to any work following that surgery until after her termination in July, 2013. Another physician's report indicates she could return to her former position at Pizza Oven with restrictions from November 20, 2013, to April 30, 2014, however, such was after her termination in July, 2013.
 

 {¶ 35} The majority notes despite Appellant's claim to have given a written release to return to work with restrictions to Mayle in February, 2013, her physician's medical records do not include this release. The majority next notes a Physician's Report of Work Ability indicates Appellant was not permitted to work in any capacity from March 25, 2013, to June 17, 2013, which was later extended through July 31, 2013-apparently in support of its conclusion Appellant's testimony is not credible.
 

 {¶ 36} As noted earlier, I find a genuine dispute of material fact exists as to whether Appellant delivered a written release to work with restrictions to Mayle on February 22, 2013. The fact Appellant was not permitted to return to any form of work following her surgery on March 25, 2013, is not necessarily inconsistent with that claim.
 

 {¶ 37} Unlike the majority, I find Appellant did present sufficient evidence to meet the third element of the accommodation test.
 

 {¶ 38} I would reverse the judgment of the trial court and remand the matter for further proceedings.